**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **PLAINTIFF,**

**V.**                                                      **CASE NO. 3:06CR8-001**
                                                                      **JUDGE BAILEY**

**CECIL RAY, JR.,**

    **DEFENDANT.**

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING
PETITIONER'S MOTION FOR RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)**

## I.    INTRODUCTION

On June 30, 2008, Kensheena D. Seabrook, *pro se*, ("Petitioner") filed a Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) [Docket No. 301]. On July 18, 2008, the United States of America ("Government"), by Thomas O. Mucklow, filed a response [Docket No. 304]. The undersigned Magistrate Judge issues this report and recommendation on the motion without holding an evidentiary hearing.

## II.    FACTUAL BACKGROUND

**1.** On January 19, 2006, a Federal Grand Jury for the Northern District of West Virginia, Martinsburg Division indicted Cecil Ray, Jr. ("Defendant") and four other defendants on various violations of the Controlled Substances Act. The Grand Jury charged the Defendant with two (2) counts of the indictment. Count One (1) charged the Defendant with a violation of Title 21, United States Code, Section 846 (conspiracy to possess with the intent to

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 1 of 9

distribute and to distribute in excess of 50 grams of cocaine base), and Count Eight (8) charged the Defendant with a violation of Title 21, United States Code, Sections 841(a)(1) and 860 and Title 18, United States Code, Section 2 (distribution and aiding and abetting the distribution of 1.95 grams of cocaine base within 1000 feet of a school). (*See* Indict., Case No. 3:06CR8, Jan. 1, 2006).

2. During Mr. Ray's trial, the Government presented the following evidence to the jury:

   a. On April 13, 2005, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the Eastern Panhandle Drug and Violent Crimes Task Force[1] ("Task Force") conducted a controlled crack cocaine purchase. (*See* Trial Tr. at 104, Case No. 3:06CR8, Aug. 29, 2007).

   b. Following the controlled transaction, the Martinsburg City Police Department initiated a traffic stop on the Defendant, who was driving a Ford Taurus. (*See id.* at 118-20).

   c. The police arrested the Defendant for driving with a suspended operator's license. When the police searched the Defendant, he had $5,165 of cash in his pocket, which included $550 of marked bills from a prior controlled drug purchase. (*See id.* at 120-21 & 163).

   d. The police conducted a consent search on the Ford Taurus and seized $1,115.00 in

---

[1] The Task Force consisted of members of the Berkeley County Sheriff's Department, the West Virginia State Police Bureau of Criminal Investigations, and the Martinsburg City Police Department. (*See* Trial Tr. at 78, 104, & 118, Case No. 3:06CR8, Aug. 29, 2007).

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 2 of 9

cash located in a Koran and $3,000.00 in cash located in a shoe. The Koran and the shoe were located in the trunk of the vehicle. (*See id.* at 123 & 162).

**e.** The Martinsburg Police Department returned the $550 in marked funds to the Government. (*See id.* at 163).

**f.** The Government entered into evidence a photocopy of $655 in purchase money used in multiple drug transactions. The photocopy of the purchase money included a copy of the $550 of marked funds seized from the Defendant and returned to the Government by the Martinsburg Police Department. (*See id.* at 69 & 164).

**g.** The Government did not enter into evidence any of the remaining cash found on the Defendant or the money found in the trunk of the vehicle. (*See id.* at 69 & 164).

**h.** At trial, the Defendant's own attorney referenced that the remaining seized funds had been forfeited to the State of West Virginia. (*See id.* at 138).

**3.** On August 30, 2007, a jury found Mr. Ray guilty on both charges under the indictment. (*See* Verdict, Case No. 3:06CR8, Aug. 30, 2007).

**4.** On November 19, 2007, the Court sentenced Mr. Ray to a life term of imprisonment as to Count One (1) and 40 years as to Count Eight (8). (*See* Judgment, Case No. 3:06CR8-001 Nov. 30, 2007).

**5.** On April 28, 2005, the Prosecuting Attorney of Berkeley County, West Virginia, filed a petition in the Circuit Court of Berkeley County, West Virginia, seeking the forfeiture of the $8,730 ($9,280 - $550) seized from the Defendant, Cecil Ray, Jr. (*See* Govt. Resp. Mot. Return Prop. Ex. A, Pet. Forfeiture, Apr. 28, 2005).

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 3 of 9

6. The Berkeley County Circuit Clerk's Office sent notice of the petition to Mr. Ray at his last known address of 410 E. Haines Street, Philadelphia, Pennsylvania 19144, but the Post Office returned it as undeliverable. (*See* Govt. Resp. Mot. Return Prop. Ex. B, Returned Envelope, Apr. 28, 2005).

7. On May 12, 2005 and May 19, 2005, the Berkeley County Circuit Clerk's Office published legal notice of the forfeiture action in the Martinsburg Journal newspaper. (*See* Govt. Resp. Mot. Return Prop Ex. C, Certificate of Publication, May 20, 2005).

8. On June 30, 2005, West Virginia State Circuit Court issued an Order of Judgment, forfeiting the sum of $8,730 to the State of West Virginia and to the Eastern Panhandle Drug and Violent Crimes Task Force. (*See* Govt. Resp. Mot. Return Prop Ex. D, Order Judgment, June 30, 2005).

9. The June 30, 2005 Order found that Cecil D. Ray stated that he was the sole owner of the entire sum of money, totaling $9,280. (*See id.* ¶¶ 16-17).

10. The June 30, 2005 Order found that the funds at issue had remained in the custody of the Eastern Panhandle Drug and Violent Crimes Task Force. (*See id.* ¶ 23).

11. The June 30, 2005 Order found that the State of West Virginia had properly followed the West Virginia Rules of Civil Procedure. The Order found that no parties had appeared to oppose the forfeiture or respond to the publication. *See id.* ¶¶ 29-30).

12. On June 30, 2008, Petitioner filed this Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g).

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 4 of 9

**13.** Petitioner purports to be the owner of the Ford Taurus, which contained the seized funds. (*See* Petitioner's Mot. Return Prop. ¶ 8, June 30, 2008).

**14.** Petitioner states that she resided at the same address that the Circuit Clerk mailed notice of the forfeiture action. (*See* Pet'r Mot. Return Prop. ¶ 8, June 30, 2008; *see also* Govt. Resp. Mot. Return Prop. Ex. B, Returned Envelope, Apr. 28, 2005).

### III.   ANALYSIS

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g)(2008). Petitioner moves for return of the money seized from the trunk of the Ford Taurus in Defendant's case, specifically the $1,115 found in the Koran and the $3,000 found in the shoe. (*See* Pet'r Mot. Return Prop. ¶¶ 5 & 6, June 30, 2008). First, the Petitioner must demonstrate entitlement to the claimed property. "A claimant seeking return of forfeited property under the Federal Rules of Criminal Procedure or through an equitable civil proceeding need only prove a right to lawful possession of the property and an equitable right to its return; no presumptions exist in favor of the government." *United States v. Clymore*, 245 F.3d 1195 (10th Cir. 2001). This is the first instance Petitioner has asserted an interest over this property, but for the purposes of this motion, the Court will assume that Petitioner has a lawful entitlement to the cash seized from the trunk of her vehicle.

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 5 of 9

"Motion for return of seized property is equitable remedy that is available only if movant can show irreparable harm and an inadequate remedy at law." *United States v. Copeman*, 458 F.3d 1070 (10th Cir. 2006). Assuming Petitioner is the owner of the cash located in a Koran and a shoe in the trunk of her vehicle, she may be able to show irreparable harm since the money was forfeited to the state. However, it appears that Petitioner is unable to demonstrate an inadequate remedy at law since she had the ability to petition state court for the return of her property. "There is no question of fact that the United States does *not* have jurisdiction over the property. The property was forfeited in a state proceeding...*divesting this court of any jurisdiction or ability to grant a remedy under Rule 41*. *See Clymore v. U.S.*, 164 F.3d 569 n.2 (1999)."[2] *U.S. v. Story*, 170 F. Supp.2d 863 (D. Minn. 2001) (emphasis added).

> 'The government cannot return property it does not possess, and a motion for the return of illegally-held property must be denied if the government does not possess the property.' Charles Allen Wright, Nancy J. King, & Susan R. Klein, 3A Federal Practice and Procedure § 673 (3d ed.2008); *see also United States v. Solis*, 108 F.3d 722, 723 (7th Cir.1997) (holding that where the United States was never in possession of the property, the United States was not the proper party against which to bring suit), *United States v. White*, 718 F.2d 260, 262 (8th Cir.1983) (holding that where the United States did not possess the property requested, Claimant's Rule 41(g) motion was properly denied). Claimant has conceded that his property was taken by the State of Georgia, and neither produces evidence nor alleges that the Federal Government ever possessed the United States Currency in question. Likewise, the United States informs this Court that it never possessed the property, which was seized and retained by the State of Georgia. Accordingly, Claimant's Motion is

---

[2] The Tenth Circuit Court of Appeals addressed Clymore's motion for return of property on two (2) occasions, in 1999 and 2001. *See Clymore v. U.S.*, 164 F.3d 569 (10th Cir. 1999); *see also United States v. Clymore*, 245 F.3d 1195 (10th Cir. 2001).

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 6 of 9

DENIED.

*Glover v. U.S.*, 2008 WL 4533928 (S.D. Ga. 2008) (slip opinion)(emphasis in original). Thus, it appears that federal district court is not the proper jurisdiction to petition for the return of state forfeited property. Petitioner had an adequate remedy at law in state court. However, even if Petitioner could proceed under district court for return of her property, she would have to establish that the Government has possession of her property. Since the Government has never had actual possession of the claimed property, Petitioner's only remaining theory is constructive possession.

> [T]here are some limited circumstances under which Rule 41 ([g]) can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.

*United States v. Copeman*, 458 F.3d 1070 (10th Cir. 2006). In the case *sub judice*, the Government did not use the property as evidence in the Defendant's trial. Therefore, the only remaining possibility for constructive possession is that the state officials were acting at the direction of federal authorities. In the instant case, the state and local "officers of the Task Force [were] assisting or cooperating with the ATF in regard to their investigation...the law enforcement officers [were] headed by Agent Dean [of the ATF] and other Task Force officers." (*See* Trial Tr. at 79-80, Case No. 3:06CR8, Aug. 29, 2007). From the trial transcript it is difficult to ascertain whether or not the state officials were acting at the direction of the federal authorities. However, even if the federal authorities did control the investigation, it would still be insufficient to establish constructive possession.

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 7 of 9

> [An] assertion that federal authorities *controlled* the ... investigation and were '*involved*' in the seizures, without more, is insufficient to establish the extensive federal possession or control necessary to make Rule 41(e)[3] the appropriate vehicle by which to recover the state-forfeited property.

*See Clymore v. U.S.*, 164 F.3d 569 (1999) (italics added); *see also U.S. v. Eaton*, 62 Fed. Appx. 281 (10th Cir. 2003) (unpublished opinion); *see also U.S. v. Rowzer*, 201 F.R.D. 516 (D. Kan. 2001). The instant case resembles the facts of *Eaton* and *Clymore*, where the federal and state authorities worked together in the investigation. In addition, as in *Eaton* and *Clymore*, the federal authorities never had actual possession of the claimed property seized by the state and never used the claimed property as evidence in trial. Therefore, Petitioner's Motion for Return of Property fails because the Government lacked actual or constructive possession of the state forfeited property and Petitioner had an adequate remedy at law in state court.

## IV.     RECOMMENDATION AND CONCLUSION

The undersigned Magistrate Judge hereby **RECOMMENDS** that the District Court **DENY** Petitioner Kensheena D. Seabrook's Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) [Docket No. 301]. The Court notes the Petitioner's objection to the ruling.

Within ten (10) days of receipt of service of this Report and Recommendation, any party who appears *pro se* and any counsel of record may file with the Clerk of the Court any written objections to this Recommendation. The party should clearly identify the portions of the Recommendation to which the party is filing an objection and the basis for such objection. The party shall also submit

---

[3] In 2001, a Motion for Return of Property fell under Fed. R. Crim. P. 41(e) as opposed to the current statute, FED. R. CRIM. P. 41(g). (*See* FED. R. CRIM. P. 41 (2001)).

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 8 of 9

a copy of any objections to the Honorable Judge John Preston Bailey. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon this Recommendation. 28 U.S.C. § 636(b)(1).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Kensheena D. Seabrook and the *pro se* Defendant Cecil Ray, Jr.

DATED: November 7, 2008

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISTRICT JUDGE REGARDING PETITIONER'S MOTION FOR
RETURN OF PROPERTY PURSUANT TO
FED. R. CRIM. P. 41(g)

Page 9 of 9