**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

CECIL RAY, JR.,

     **Petitioner,**

                                     **Civil action no.  3:10cv57**

**v.**                                        **Criminal action no. 3:06cr8-1**
                                             **(Judge Bailey)**

UNITED STATES OF AMERICA,

     **Respondent.**

**REPORT AND RECOMMENDATION RECOMMENDING THAT
PETITIONER'S MOTION TO AMEND PENDING § 2255 MOTION BE DENIED**

## I. Introduction

On June 4, 2010,  Petitioner filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with an affidavit and two attached memoranda in support. (Dkt.# 329). On June 7, 2010, the Government was ordered to respond. (Dkt.# 331).  On June 23, 2010, the Government moved for an extension of time in which to respond.  (Dkt.# 336). By Order entered June 25, 2010, the Government's motion was granted.  (Dkt.# 337). The Government filed its response on July 26, 2010. (Dkt.# 340). After moving for an extension of time (Dkt.# 342), which was granted by Order entered August 13, 2010 (Dkt.# 344), Petitioner filed his Reply on September 7, 2010 (Dkt.# 347), along with a Motion for an Evidentiary Hearing. (Dkt.# 348).  On May 7, 2012, Petitioner filed a Motion for Leave to File a supplemental Pleading Pursuant to Fed. R. Civ. Pro. 15(d). (Dkt.# 424). On June 11, 2012, Petitioner filed a Proposed Supplemental Filing in Support of Original Title 28 U.S.C. §2255, Pursuant to Fed. R. Civ. Pro. 15(d).  (Dkt.# 434).  On September 17, 2012, this Court entered an Opinion/Report and Recommendation ("R&R") that Petitioner's § 2255 Motion be Denied. (Dkt.# 441). Within that R&R, the undersigned also recommended that Petitioner's pending Motion for an Evidentiary hearing (Dkt.# 348) and his pending Motion for Leave to File a Supplemental Pleading Pursuant to Fed. R. Civ. Pro. 15(d) (Dkt.# 424) both be denied as moot. On October 4, 2012, Petitioner

filed a Motion Requesting Extension of Time to File Objections to the R&R (Dkt.# 443), which was granted by Order entered October 5, 2012, extending the time until October 19, 2012. (Dkt.# 444). On October 18, 2012, Petitioner filed the instant Motion to Amend his § 2255. (Dkt.# 448). On October 22, 2012, Petitioner filed his objections to the R&R.

## II.  Motion to Amend

In his motion to amend, Petitioner seeks to "supplant claim six . . . only concerning trial [sic] counsel ineffectiveness for failing to properly advice [sic] Mr. Ray of the consequences of rejecting the government's second plea offer."

Specifically, Petitioner contends that during consideration of the second plea offer, counsel failed to advise him of the impact relevant conduct has on determining a defendant's ultimate guideline range, never explaining that a conviction at trial on the conspiracy charge alone would render him accountable for all the drugs his co-conspirators distributed or possessed with the intent to distribute. Further, he claims counsel never gave him "clear and occurate [sic] advice" during plea negotiations, to explain to him that he had no viable defense to Counts One and Eight; that a conviction on the Count One conspiracy charge was inevitable if he proceeded to trial; and an acquittal on Count Eight would not likely affect the applicable relevant drug conduct or the sentencing guidelines that would be determined by the evidence on Count One.

Petitioner provides an affidavit, stating "his accompany [sic] affidavit supplant [sic] all the previous affidavits expanding the factual facts outside the current record relevant to claim 6."

Petitioner again requests an evidentiary hearing, to provide the court with the "detailed factual facts of the discussions and non-discussions with counsel that are not part of the current record . . . on what actually occurate [sic] during the pretrial and plea negotiation[.]" (Dkt.# 448 at 11).

## III .Discussion

Federal Rule of Civil Procedure 15 governs amending pleadings.  Parties may amend pleadings

once as a matter of course if the amendment is filed 21 days after serving the original pleading or within 21 days after service of a responsive pleading if one is required. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The liberal approach also provides for relation back of claims once a limitations period has passed. Amendments relate back to the original pleading when "the law that provides the applicable statute of limitations allows relation back; or the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(A)-(B). The purpose for allowing relation back of amendments is to provide an opportunity for claims to be tried on their merits rather than being dismissed on procedural technicalities. Tischler v. Baltimore Bancorp, 801 F.Supp. 1493, 1497 (D.Md. 1992).

The decision to grant or deny the motion to amend is entrusted to the sound discretion of the district court, and the court's decision is reviewed only for abuse of that discretion. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2nd Cir. 1993). Though leave to amend should be granted whenever "justice so requires," "this 'is not a mechanical absolute and the circumstances and terms upon which such leave is to be freely given is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition.'" Freeman v. Continental Gin Co., 381 F.2d 459, 468 (5th Cir. 1967) (quoting Lone Star Motor Import, Inc. v. Citroen Cars Corp., 288 F.2d 69, 75 (5th Cir. 1961)). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." Ruffolo, 987 F.2d at 131; see also, Jackson v. Conway, 550 F.Supp.2d 382, 384 (W.D.N.Y. 2008) (holding that the court has discretion to deny leave to amend a habeas corpus petition where it would be futile and denying a habeas Petitioner's leave to amend his petition to include a claim for ineffective assistance of

counsel because the claim was unsupported and facially untenable pursuant to the relevant law).

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of *certiorari* with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely *certiorari* petition after disposition of his direct appeal, the conviction becomes final on the date on

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

which the prisoner's time for filing such a petition expires, which is ninety (90) days after entry of the judgment on direct appeal.  See Clay v. United States, 537 U.S. 522, 532 (2003).  For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket.  See Fed. R. Ap. P. 4(b)(1)(A)(I) and 4(b)(6)).

Here, Petitioner's conviction became final on June 13, 2009.  On March 13, 2009, in a *per curiam* opinion on Petitioner's appeal, the Fourth Circuit affirmed the judgment of the District Court. (Dkt.# 313).  Petitioner did not petition for writ of *certiorari.*  Therefore, Petitioner's conviction became final ninety days after his appeal was denied, or on June 13, 2009.  Accordingly, Petitioner had until June 13, 2010 to file his motion to vacate under §2255.  He timely filed his §2255 motion  on June 4, 2010. Petitioner filed this motion to amend raising additional grounds on October 18, 2012, approximately two years, four months and five days after the expiration of the limitations period.  Therefore, in order for Petitioner's motion to amend be granted, the Court must find that the claims raised in the motion to amend relate back to the original § 2255 motion.

The undersigned finds that the assertions raised in the motion to amend are new and do not relate back to the claims raised in the original § 2255.  First, despite Petitioner's efforts to relate the claim to his previously-raised Ground Six,[3] Petitioner is no longer merely arguing that counsel failed to advise him of his exposure to a 360-month-to-life sentence should he reject the plea offer of a "10 year mandatory minimum sentence" and proceed to trial.  He now avers that counsel  was deficient because 1) he never explained to him that Count One would be dismissed in either plea offer; 2)  never explained

---

[3]Petitioner's tersely-worded original Ground Six claim merely asserts that counsel told him he "would likely receive 10 years if he lost trial [sic]."  (Dkt.# 329-3 at 1).  In his reply,  in response to the Government's pointing out, via attached copies of both rejected plea offers, that at no time was he ever offered a "10 year mandatory minimum" sentence, he argues that the Government misconstrued his claim.  "While a 10 year sentence was a real possibility, the gist of . . . [his] claim is that neither Sutton nor Manford told him that he was facing a minimum of 360 months to life sentence[.]" (Dkt.# 347 at 6 - 7).  He avers that "there is no evidence that either Sutton or Manford counseled Petitioner as to the risk of proceeding to trial . . . the risk of conviction . . . or the advantages of pleading guilty[.]" (Id. at 7).

the consequences of rejecting the plea offer; 3) never explained that the relevant drug conduct evidence of co-conspirators adduced at trial would be attributed to him as the leader of the conspiracy; and 4) that as that leader, he would also be assessed a 4-level enhancement for having that role. While Petitioner does raise multiple ineffective assistance of counsel claims in the original motion, none of them relate to Petitioner's present claims regarding counsel's alleged ineffectiveness. Therefore, Petitioner's Motion to Amend should be denied as it would raise a new ground outside the one year statute of limitations.

Moreover, a Court is required to deny a motion to amend if the amendment would be futile. See Jackson, 550 F.Supp.2d at 384.Here, allowing Petitioner to amend would be futile because Petitioner's allegations are meritless. Petitioner claims that his counsel was ineffective for failing to explain that accepting a plea offer was preferable to going to trial. In advancing this argument, the Petitioner implies that he was so uninformed by counsel that he was unaware that the conspiracy in Count One would have been dismissed, pursuant to either plea offer. The undersigned finds Petitioner's argument unpersuasive. Both plea offers[4] state in plain English that Petitioner would be pleading to only Count Eight, the distribution charge. Petitioner's PSR indicates that he is a high school graduate and completed a one-year post-high school building maintenance and hotel management course. (Dkt.# 264, ¶93 at 22). Clearly, Petitioner had sufficient intellectual capacity to understand the basic concept of pleading to one count in exchange for having another count dismissed. Furthermore, as noted in the undersigned's first Report and Recommendation, a review of the record reveals that at the July 3, 2007 pretrial conference, held nearly two months before the August 29, 2007 trial, Petitioner was present with counsel, and not only was the wealth of evidence the Government had against Petitioner summarized,

---

[4] The plea offers were dated February 6, 2007, and March 21, 2007. Both plea offers contain an offer to plead guilty to Count Eight, with a maximum penalty of not less than one nor more than forty years. The first plea offer has a stipulation as to total drug relevant conduct of 242.59 grams of cocaine base; the second, a stipulation of not more than 50 but less than 150 grams of cocaine base. (Dkt.# 340-2 and Dkt.# 340-3).

but the penalties he was facing for the two counts were openly discussed in his presence:

> MR. MUCKLOW: Yes, Your Honor. The defendant is named in two of the counts of the indictment.

> THE COURT: Yeah, of the conspiracy count and then one substantive count, Count 8?

> MR. MUCKLOW: Yes, Your Honor.

> THE COURT: And what are the penalties for those?

> MR. MUCKLOW: Your Honor, **the conspiracy is a ten to life incarceration. Count 8, I believe, is one to 40 because it is a school count. The penalties – there is a minimum mandatory one year, and the 20 -year maximum is doubled under 860. So, the penalties would be one year to 40 years.**
> . . .

> THE COURT: What's the status of any [plea] negotiations?

> MR. MUCKLOW: Your Honor, **we have submitted, I think, two plea agreements to former counsel.** I'm not sure whether Mr. Manford has a copy of those, but he should have gotten them from prior counsel in this case. **And Mr. Manford and I have had some discussions, more of a general nature, with regard to the - - a possible plea agreement. But there hasn't been any serious negotiations, I don't believe, up to this point**.

> MR. MANFORD: That's correct, Your Honor.

(Rough Draft Transcript of July 7, 2007 PreTrial Conference at 6 -7)(emphasis added).

Clearly, even if counsel had failed to advise him, Petitioner was well-apprised of the sentencing risks he was facing by refusing the plea offers. He was advised of the possibility of a life sentence for Count One. Moreover, Petitioner's claim that counsel never explained the concept of relevant conduct is belied by the substantially different stipulations as to drug relevant conduct in the two plea offers. It is apparent from even a cursory review of the record that negotiation and discussion of drug relevant conduct amounts took place, by the fact that the Government's second plea offer contained a stipulation to less drug relevant conduct. That could not have occurred if Petitioner had not objected to the amount in the first plea. Clearly, counsel explained the concept; Petitioner balked

at accepting a plea with that amount, and counsel then negotiated the second plea offer with a lower amount.

Finally, Petitioner's claim that before trial, he was unaware both that there was enough evidence to convict him of the charges and that he had no defenses to the charges is belied by the enhancement he received for obstruction of justice. Petitioner's awareness of the strength of the evidence against him is indicated by the fact that he approached four government witnesses before trial, suborning or attempting to suborn perjury through threats and intimidation, in hopes of preventing the jury from hearing the drug relevant conduct testimony[5] he knew would convict him.[6] (PSR, Dkt.# 264, ¶31 at 10).

Petitioner's allegation that counsel was ineffective for advising him that he was facing only a 10-year sentence on Count One if convicted at trial lacks merit. Both plea offers clearly show that Count Eight alone carried a penalty of one to forty years. Contrary to Petitioner's contentions, both plea offers (Dkt.# 340-2 and Dkt.# 340-3) and the government's description of the plea negotiations in its response (Dkt.# 340 at 32) make it clear that Petitioner considered and rejected both plea offers, five and then six months before trial.

The fact that at trial, the jury found Petitioner guilty of both counts does not establish that defense counsel was ineffective. It merely shows that the jury decided the case on the weight of the considerable evidence. Petitioner alone subjected himself to the possibility of enhanced sentencing

---

[5] The proven drug relevant conduct was found to be between 264 - 1,980 grams, via witness Gretchen Derfler; 4,403.25 grams via witness Darryl Clinksdale; between 7.93 - 10.79 grams via witness Shirley Chapman; and 152 grams seized from the Petitioner on August 25, 2005, for a total of 4,827.15 - 6,546.04 grams. (PSR, ¶26 at 9). Had Petitioner accepted the second plea offer, the drug relevant conduct stipulation limited his exposure to not more than 50 but less than 150 grams of cocaine base. Dkt.# 340-3 at 3).

[6] Unbelievably, in his motion to amend, Petitioner has the temerity to imply that further evidence of counsel's ineffectiveness with regard to the plea offer information and the sentence he ultimately received is the fact that "Mr. Ray would not have received an additional two level enhancement for obstruction of justice, pursuant to U.S.S.G. §3C1.1, had he accepted the plea offer." (Dkt.# 448 at 10).

by having a leadership role in a drug conspiracy and selling drugs within 100 feet of a school; by continuing to deny wrongdoing and putting the Government to its burden of proof, by refusing two plea offers, both of which would have substantially limited his drug relevant conduct and avoided the conspiracy conviction with its potential life sentence altogether. In addition, the uncontroverted evidence[7] elicited at trial of conduct which benefitted Petitioner financially, earned Petitioner a 4-level increase pursuant to U.S.S.G. §3B.1.(a), and he received a further two-level increase for suborning or attempting to suborn perjury. The decision to refuse the plea offers and go to trial was Petitioner's; counsel is not responsible for the sentencing enhancements that were founded on extensive and damaging trial testimony.

In summary, the undersigned believes that the motion to amend should be denied because it does not relate to any claim raised in the original Motion to Vacate, and is therefore, untimely. Furthermore, even if the Court were inclined to find that it did relate to an original claim, the amendment is futile for the reasons discussed.

Accordingly, it is hereby Recommended that the Petitioner's Motion to Amend (Dckt.# 448) be **DENIED.**

**Within fourteen (14) days** after being served with a copy of this Order, any party may file with the Clerk of Court written objections identifying those portions of the Order to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this Order will result in waiver of the right to appeal from a judgment of this Court based upon such Order**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[7]At trial, Petitioner did not testify and called no witnesses to testify on his behalf. (Dkt.# 272-3 at 203).

The Clerk is directed to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Order to all counsel of record , as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

Date: October 26, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE