**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CECIL RAY, JR.**,

    Petitioner,

v.                                **CIVIL ACTION NO. 3:10-CV-57
CRIMINAL ACTION NO. 3:06-CR-8-1
(BAILEY)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

**I.**     **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendations of United States Magistrate Judge John S. Kaull [Civ. Doc. 8; Crim. Docs. 441, 451]. By Standing Order, these actions were referred to Magistrate Judge Kaull for submission of proposed report and recommendations ("R&R"). Upon his initial review of the petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [Civ. Doc. 1; Crim. Doc. 329], Magistrate Judge Kaull filed his R&R on September 17, 2012. In that filing, the magistrate judge recommends that this Court deny petitioner Cecil Ray, Jr.'s petition [Civ. Doc. 8, Crim. Doc. 441]. After the R&R was filed but prior to filing objections, the petitioner filed a Motion to Amend Pending Motion to Vacate Under 28 U.S.C. § 2255 [Crim. Doc. 448]. The petitioner requests to add an additional claim of ineffective assistance of trial counsel for failure to properly advise the petitioner on the consequences of rejecting the government's second plea offer [Crim. Doc. 448]. The magistrate judge recommended the

1

motion to amend be denied because it does not relate to any claim raised in the petitioner's original motion to vacate and is therefore untimely and also because allowing the petitioner to amend would be futile because the allegations are meritless [Crim. Doc. 451].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F. 2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F. 2d 91, 94 (4th Cir. 1984). Here, the petitioner filed a Motion for Extension of Time to File Objections on October 4, 2012 [Crim. Doc. 443] which was granted on October 5, 2012 [Crim. Doc. 444]. The petitioner then timely filed objections to the R&R [Crim. Doc. 449]. The petitioner also timely filed objections to the second R&R on November 6, 2012 [Crim. Doc. 454]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. **Background**

The petitioner was named in two counts of an eleven-count indictment. After a jury trial, the petitioner was found guilty on both count 1, conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, also known as "crack," in violation of 21

U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and count 8, distribution or aiding and abetting the distribution of a mixture or substance containing approximately 1.95 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) [Doc. 248]. This Court sentenced the petitioner to a life sentence on count 1 and 40 years on count 8 to run concurrently [Doc. 265]. On direct appeal, the petitioner's sentence was affirmed by the Fourth Circuit [Doc. 314].

The petitioner then filed the instant § 2255 petition [Doc. 329]. The petitioner alleges five grounds of ineffective assistance during trial: 1A) failing to call co-defendant David Richardson to testify during trial, 1B) allowing the introduction into evidence of the guilty pleas of the cooperating defendants, 1C) failing to inform the petitioner that by going to trial, the petitioner risked receiving a sentence range of 360 months to life imprisonment, 1D) failing to object during closing arguments when the Government referred to the petitioner's post-arrest silence, and 1E) a conflict of interest between the petitioner and a Government witness, Leroy Newell, who was a former client of the petitioner's trial counsel. The petitioner alleges three grounds of ineffective assistance during sentencing: 2A) failing to sufficiently investigate and prepare, 2B) failing to object to enhancements for obstruction of justice and having a leadership role in the conspiracy, and 2C) failing to object to the imposition of a 40-year term of imprisonment for count 8 when the statutory maximum for the charge is 20 years.

In recommending denial, Magistrate Judge Kaull construed the petition as a number of ineffective assistance of counsel claims (Grounds 1A, 1C, 1D, 1E, 2A, 2B, and 2C) and five other claims. The magistrate judge recommended the ineffective assistance of counsel claims be denied because the petitioner failed to meet the burden under ***Strickland v.***

*Washington*, 466 U.S. 668 (1984). The magistrate judge found that four of the additional claims procedurally barred as non-constitutional issues that could have been raised on direct appeal but were not [Crim. Doc. 441 at 6–8].[1] The magistrate judge found that the fifth ground, petitioner's contention that an affidavit of co-defendant David Richardson constitutes new evidence entitling the petitioner to a new trial, was not newly discovered and therefore was not grounds for a new trial [Doc. 441 at 8–11]. The magistrate judge also recommended that the petitioner's pending Motion for an Evidentiary Hearing [Crim. Doc. 348] and pending Motion for Leave to File a Supplemental Pleading Pursuant to Fed. R. Civ. Pro. 15 [Crim. Doc. 424] both be denied as moot. The petitioner objects, stating "the entire R/R should be overruled" by this Court [Crim. Doc. 449].

The petitioner's second motion, a Motion to Amend Pending § 2255 Motion Pursuant to the Federal Rule of Civil Procedure 15(c), was filed on October 14, 2012 [Crim. Doc. 448]. The petitioner seeks to add a claim concerning trial counsel's ineffectiveness for failing to properly advise the petitioner of the consequences of rejecting the government's second plea offer. The petitioner attached an affidavit in support of his memorandum, reiterating his claims regarding trial counsel's ineffective assistance. The petitioner's motion can be organized into five claims. First, the petitioner claims trial counsel failed to discuss the dismissal of count 1 as part of the guilty plea to count 8. Second, the petitioner

---

[1] The four additional claims that the magistrate judge found were procedurally barred were that 1) the District Court erred in allowing evidence regarding the guilty pleas of co-defendants to be introduced to the jury, 2) the Government improperly rehabilitated of its witnesses during direct exam, 3) the Government violated the petitioner's right to counsel by disparaging defense counsel, and 4) the Government violated the petitioner's 5th Amendment right to remain silent by improperly commenting on his silence during closing argument [Crim. Doc. 441 at 6–8].

claims counsel failed to explain the impact of relevant conduct, that a conviction "would render him accountable for all of the reasonabl[y] foreseeable controlled substance" distributed and possessed with intent to distribute during the course of the conspiracy, or that the applicable drug quantity would be determined by the sentencing judge using a preponderance of evidence standard. The third claim is that counsel failed to advise the petitioner that he had no viable defenses to the charged conduct and in fact stated that the petitioner had some possibility of prevailing at trial on the basis that the Government would not be able to convict on count 1 because petitioner "did not make the actual [sale] to the C.I." and would not be able to convict on count 8 "under an aiding and abetting theory." Fourth, the petitioner claims that counsel advised him that he would likely receive 10 years if convicted at trial. Finally, the petitioner claims that trial counsel failed to advise him that he would receive enhancements for his leadership role. The petitioner again requests an evidentiary hearing.

The magistrate judge found that the assertions raised in the motion to amend are new and do not relate back to the claims raised in the original § 2255 and are therefore untimely. Even if the claims were timely, the magistrate judge found that they are futile. The petitioner objected, stating that "the entire second R/R should be overruled by the Honorable Court" [Doc. 454 at 1].

### III. Applicable Law

The Sixth Amendment of the United States Constitution guarantees a defendant the right to effecting assistance of counsel in all criminal proceedings. *See* U.S. Const. Amend. VI. To prove ineffective assistance of counsel, a petitioner must show that counsel's

performance was deficient and that the deficient performance prejudiced petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is that which falls below an objective standard of reasonableness. *Id.* at 689. The Court must be highly deferential to counsel's performance because there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Trial strategy and tactics are accorded much deference by reviewing courts in conducting the deficiency analysis. *Id.* Prejudice means a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Supreme Court held that where defense counsel's faulty advice causes a defendant to reject a plea bargain and proceed to trial, a defendant can prevail on a claim of ineffective assistance where he can show that, but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been accepted by the defendant and not withdrawn by the prosecution in light of intervening circumstances, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in facts were imposed. *See* **Lafler v. Cooper**, 132 S. Ct. 1376, 1385 (2012); **Missouri v. Frye**, 132 S. Ct. 1399 (2012).

### IV.     Discussion

#### A.     Objections to Report and Recommendation as to Motion to Vacate

The petitioner requests *de novo* review on all claims presented in his § 2255. The petitioner's objections repeat many of the arguments made in the original motion to vacate and the motion to amend. The petitioner claims that had his attorney made him aware of

the following, he would have pleaded guilty: that pleading guilty pursuant to a plea agreement would lead to the dismissal of count 1 whereas a conviction on count 1 after trial could lead to a life sentence, the risks of proceeding to trial, and potential sentencing enhancements.  The petitioner also objects to the magistrate judge's finding that the claim of ineffectiveness for failure to object to petitioner's post-arrest silence was procedurally defaulted because it was an issue that should have been raised on direct appeal.  All objections will be overruled for the reasons stated below.

### 1. Impact of Count 1 at Sentencing

The petitioner states that trial counsel "failed to explain the guidelines applicable to count-1" [Doc. 449 at 2] and that the "plea agreement omitted any mention of count-1" and its dismissal upon sentencing on count 8 [Doc. 449 at 2–3]**.**  The petitioner's argument fails to satisfy the second prong of the *Strickland* test.

In order to satisfy the first prong of the *Strickland* test, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  **Strickland**, 466 U.S. at 687.  As to whether counsel explained the impact of relevant conduct on count 1 and the guidelines as they would apply in the context of a plea agreement or after conviction at trial, this Court has no evidence other than the petitioner's statements.  To the extent any exists, the Court has not been presented with any objective evidence tending to either corroborate or disconfirm the conflicting declarations in the petitioner's motion and accompanying affidavit.  The Fourth Circuit has advised that when the only evidence is in the form of an affidavit, a District Court may not make a determination without a hearing. See ***Williams v. Griffin***,

7

952 F. 2d 820, 823 (4th Cir. 1991).  The Court believes that a number of petitioner's contentions are far-fetched, but cannot without a hearing determine whether the petitioner's trial counsel explained the guidelines applicable to him and the burden of proof required for a conviction on count 1.  However, no hearing is required because although there may be a genuine issue of material fact resulting from the lack of affidavit from petitioner's trial counsel, the petitioner has failed to show any prejudice under the second prong of the *Strickland* standard as a result of his attorney's representations.

The second prong of *Strickland* requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694.  In the context of foregoing a guilty plea, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have proceeded to trial and would have pleaded guilty.  See **Lafler v. Cooper**, 132 S. Ct. 1376, 1385 (2012).  The Court's analysis of the petitioner's claim may properly start with the prejudice component because a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." **Strickland**, 466 U.S. at 697.  The petitioner faced a possible maximum sentence of life imprisonment, which is the sentence he received upon conviction after trial.  Based upon the pretrial conference transcript, the relevant portion of which the magistrate judge included in his first R&R, Assistant United States Attorney Mucklow stated in the presence of the petitioner that count 1 carries "a ten to life incarceration" [Doc. 441 at 14].  Consequently, because the Court properly informed the petitioner of the potential sentence he faced before trial, the petitioner

has failed to fulfill his burden of proving that but for counsel's errors, he would not have proceeded to trial and would have instead pleaded guilty.

The second part of the petitioner's argument, that the plea agreement omitted any mention of count 1, is unpersuasive. Copies of the two proposed plea agreements were included in the Government's response to the petitioner's motion. Paragraph 5 of both proposed plea agreements state that upon a plea of guilty, "[t]he United States will . . . recommend that the remaining count in the Indictment be dismissed as to Defendant" [Doc. 340-2 at 2, Doc. 340-3 at 2].

Therefore, the petitioner's objections regarding count 1 are OVERRULED.

### 2. Failure to Inform About Risks of Proceeding to Trial and a Potential Guidelines Range of 360 Months to Life

The petitioner claims that had he been advised as to the possibility of a 360-month to life sentence, he would have pleaded guilty. Further, the petitioner claims his attorneys were ineffective because they "incorrectly calculated [petitioner's] sentencing exposure and provided faulty advice in advising against acceptance of the plea agreement" [Doc. 449 at 7]. The petitioner also claims that "in deciding to proceed to trial rather than pleading guilty, he forfeited a level 16 guildeline[ ], a 3-level reduction for timely pleading and accepting responsibility" [Doc. 449 at 7]. This Court is not persuaded by the petitioner's argument.

Failure to advise a defendant of the risks of foregoing a guilty plea and taking his chances at trial can be grounds for a finding of ineffective assistance of counsel. *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). Here the Court here finds that the petitioner was aware

of the risks of foregoing a guilty plea and rejects the petitioner's contention that he was unaware of the possibility of a 360-month to life sentence. The magistrate judge included in his first R&R a portion of the pretrial conference transcript where Assistant United States Attorney Mucklow stated the possible penalties for the two counts in the indictment. There, AUSA Mucklow stated that count 1 carries "a ten to life incarceration" and count 8 "one year to 40 years" [Doc. 441 at 14]. These statements, made in the presence of the petitioner, contradict his claims that he was unaware of the possibility of a life sentence.

As to the determination of the petitioner's guidelines, it is unclear where the petitioner found those numbers. The first proposed plea agreement stipulated to relevant conduct 242.59 grams of cocaine base, which under the 2007 Sentencing Guidelines was a base offense level 32 [Federal Sentencing Guidelines Manual § 2D1.1 (2007)]. The second proposed plea agreement stipulated a total drug relevant conduct of "more than 50 but less than 150 grams of cocaine base" which would result in a base offense level of 30 [§ 2D1.1]. If the petitioner had pleaded guilty, even with acceptance of responsibility the calculations would not have been anywhere near a level 16.

Therefore, the petitioner's objection that counsel was ineffective for failing to inform him about the risks of proceeding to trial and the potential guidelines range he was facing is OVERRULED.

### 3. Failure to Anticipate Sentencing Enhancements

The petitioner received a four-level enhancement for his leadership role and a two-level enhancement for suborning and attempting to suborn perjury. The petitioner claimed

10

ineffective assistance of counsel for failure to anticipate sentence enhancements. The magistrate judge stated that counsel could not have reasonably foreseen and calculated all the relevant conduct enhancements that were founded on trial testimony. In his objections, the petitioner claims that the four-level enhancement for a leadership role should have been anticipated by attorneys [Doc. 449 at 4–5].

This Court agrees with the R&R that defense counsel could not have anticipated enhancements that were based on information founded on trial testimony. This Court stated during petitioner's sentencing that the additional four levels added to the petitioner's base offense level were "based upon evidence heard at trial." [Doc. 273 at 7]. Further, the petitioner always faced the possibility of a maximum sentence of life on count 1, irrespective of enhancements. The potential of a life sentence was explained to the petitioner at his pre-trial conference [Doc. 441 at 14].

Therefore, petitioner's objection regarding sentencing enhancements is OVERRULED.

### 4. Government's Comments Regarding Post-Arrest Silence

The petitioner's objections reiterate his claim that counsel rendered ineffective assistance by failing to object to the Government's improper comments regarding the petitioner's post-arrest silence. The petitioner contests counsel's failure to object during closing argument when the Government alluded to his failure to request the return of, or file a claim for, the return of the nearly $10,000 of drug money confiscated from him upon arrest. The magistrate judge found that the claim was not an ineffective assistance of counsel claim but another attempt to raise a *Miranda* claim which was procedurally

defaulted because it could have been but was not raised on appeal [Doc. 441 at 7–8, 18–19]. The petitioner claims that the magistrate judge "miscon[s]trued this claim" [Doc. 449 at 9] and that it should be considered as an ineffective assistance of counsel claim.

Even as an ineffective assistance of counsel claim, the petitioner's claim fails. Under **Strickland**, the petitioner must show that counsel's failure to object was deficient and prejudicial. A decision not to object is a tactical decision. **Evans v. Thompson**, 881 F.2d 117, 125 (4th Cir. 1989). The reasons behind not objecting could be to avoid bringing additional attention to the jury, or to keep the jury from perceiving the objectionable comment as particularly harmful to the petitioner's case. In order to find the conduct deficient, it must fall outside the "wide range of reasonable professional assistance." **Strickland**, 466 U.S. at 689. Even if counsel had performed deficiently, there was, as petitioner acknowledges, "overwhelming evidence" of the petitioner's guilt [Doc. 448 at 6]. It cannot be said that there is a reasonable probability that but for counsel's failure to object to the improper comment during closing argument the outcome of the trial would have been different. *Id.* at 694. Accordingly, counsel's failure to object was neither deficient nor prejudicial and not ineffective assistance of counsel. Therefore, petitioner's objection is OVERRULED.

**B.     Objections to Report and Recommendation as to Motion to Amend**

On October 14, 2012, the petitioner filed a motion entitled "Motion to Amend Pending § 2255 Motion Pursuant to the Federal Rule of Civil Procedure 15(c)" [Doc. 448]. Therein the petitioner restates many of the arguments made in his original motion and in

the objections to the magistrate judge's first R&R.[2] The claims that petitioner advances here for the first time are that trial counsel never advised him that he "had essentially no viable defenses to the charged conduct" and instead told the petitioner "that since he did not make the actual see to the C.I., the [Government] would not be able to convict on count 1, and count eight (8) that he could not be convicted under an aiding and abetting theory" [Doc. 448 at 4].

The magistrate judge found in his second R&R that the petitioner's assertions are new and do not relate back to the claims raised in the original § 2255 and would be futile if allowed because the "allegations are meritless" [Doc. 451 at 6].

The petitioner's objections to the second R&R repeats many of the arguments put forth in the first set of objections—that trial counsel's advice to the petitioner was insufficient to enable him to make a knowing and voluntary decision whether to accept the government's second plea offer rather than proceed to trial [Doc. 448 at 4]. The petitioner makes the following claims in support of his objections: 1) trial counsel failed to explain that count 1 would be dismissed pursuant to the plea agreement; 2) trial counsel failed to explain the consequences of rejecting the plea offer; 3) trial counsel failed to explain that the relevant drug conduct evidence of co-conspirators would be attributed to him upon a conviction at trial on count 1; 4) he would receive a four-level enhancement for his leadership role if he proceeded to trial; 5) trial counsel failed to inform petitioner that he had

---

[2]Several claims made by the petitioner were previously addressed above and therefore do not need to be readdressed. These include the petitioner's claims that his attorney was ineffective for failing to tell him the impact of relevant conduct on his sentence, and the attorney's failure to inform him that he would receive an enhancement for his leadership role after conviction at trial.

no viable defenses to the charged conduct and told him he had some possibility of prevailing at trial on the basis of several non-viable defenses; and 6) trial counsel told petitioner that he would likely receive a ten-year sentence if convicted at trial. This Court agrees with the magistrate judge's recommendation that the motion to amend be denied because it would be futile to allow the meritless allegations.

Claims 1, 2, and 4 were addressed above. Count 1's dismissal as part of the plea agreement was clearly laid out in paragraph 5 of both proposed plea agreements. The maximum sentences for the two counts that the petitioner faced if he went to trial were stated in open court by AUSA Mucklow at the pre-trial conference and therefore the petitioner cannot state that he was unaware of the maximum potential sentence. The enhancement for a leadership role was based on trial testimony and could not have been reasonably foreseen by trial counsel.

The petitioner's third argument also fails. This Court finds no evidence to support the petitioner's assertion that he received ineffective assistance of counsel because he was unaware his co-conspirators drug amounts would be attributable to him. Even assuming, arguendo, that the petitioner did not know that a participant in a conspiracy can be convicted for the acts of his co-conspirators, the petitioner clearly understood that he faced a statutory maximum sentence of life, as discussed above. The record therefore rebuts the petitioner's unsupported assertions.

The petitioner's fifth argument also fails based on objective evidence. Failure to inform a defendant that he has no viable defenses and informing him that there was some possibility of prevailing at trial on the basis of several non-viable defenses is ineffective

14

assistance of counsel. *Wolford v. United States*, 722 F. Supp. 2d 664, 668 (E.D. Va. 2010). Here there is no evidence that the petitioner's attorney at trial advanced any non-viable defenses. At trial, the petitioner did not testify and called no witnesses to testify on his behalf [Doc. 272-3 at 203]. The petitioner does not explain why these defenses by counsel were not addressed at trial. Further, the petitioner's contention that counsel stated that he could not be convicted on an aiding and abetting theory is completely unbelievable. The indictment itself alleges that the petitioner and another "aided and abetted by each other" distributed cocaine base within 1,000 feet of a school [Doc. 1 at 9].

The petitioner's final claim, that his attorney told him he would likely receive a ten-year sentence if convicted at trial, even if true, is not the basis for an ineffective assistance of counsel claim. Counsel's inaccurate sentencing predictions do not constitute ineffective assistance of counsel where there are no promises as to sentencing. *United States v. Shivar*, 66 F.3d 317 (4th Cir. 1995).

Therefore, all of the petitioner's objections with respect to the second R&R are OVERRULED.

V.  **Conclusion**

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation as to Cecil Ray, Jr.'s Motion to Vacate under 28 U.S.C. § 2255 **[Civ. Doc. 8; Crim. Doc. 441]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Civ. Doc. 10; Crim. Doc 449]** are **OVERRULED.** The magistrate judge's Report and Recommendation Recommending that Petitioner's Motion to Amend Pending § 2255

15

Motion be Denied **[Crim. Doc. 451]** should be, and is, hereby **ORDERED ADOPTED** and the Motion to Amend Pending Motion to Vacate **[Crim. Doc. 448]** is **DENIED** and the petitioner's Objections to the Report and Recommendation **[Crim. Doc. 454]** are **OVERRULED.**

Accordingly, the petitioner's § 2255 petition **[Civ. Doc. 1; Crim. Doc. 329]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**; the Motion for an Evidentiary Hearing **[Crim. Doc. 348]** is hereby **DENIED**; and the Motion for Leave to File a Supplemental Pleading **[Crim. Doc. 424]** is hereby **DENIED**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court. As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: January 3, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE