**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CECIL RAY, JR.**,

       Petitioner,

**v.**                                   **CIVIL ACTION NO. 3:10-CV-57**
                                       **CRIMINAL ACTION NO. 3:06-CR-8-1**
                                       **(BAILEY)**

**UNITED STATES OF AMERICA**,

       Respondent.

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM ORDER

**I.**     **Introduction**

On this day, the above-styled matter came before this Court for consideration of petitioner Cecil Ray, Jr.'s Motion Pursuant to the Federal Rules of Civil Procedure 59(e) to Alter or Amend or Reconsider Judgment [Crim. Doc. 458], filed January 22, 2013. For the reasons that follow, this Court concludes that the motion should be **DENIED**.

**II.**     **Background**

The petitioner was found guilty after a jury trial of conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and distribution or aiding and abetting the distribution of a mixture or substance containing approximately 1.95 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

After the sentence was upheld on direct appeal, the petitioner filed a Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 [Civ. Doc. 1; Crim. Doc.

329] as well as a Motion to Amend the § 2255 petition [Crim. Doc. 448]. United States Magistrate Judge John S. Kaull recommended denial of both the § 2255 motion and the motion to amend. The magistrate judge concluded that Mr. Ray's § 2255 petition contained several issues that were procedurally barred and the remaining arguments were without merit. The magistrate judge recommended denial of the motion to amend on the grounds that the assertions raised were new and did not relate back to the claims raised in the original § 2255 and also because amending the motion would be futile because the allegations were meritless. The petitioner objected, essentially restating the arguments previously made in support of his petition and motion.

On January 3, 2013, this Court adopted Magistrate Judge Kaull's recommendation, denying the petitioner's Motion to Amend and dismissing the § 2255 petition. This Court found that each of petitioner's claims of ineffective assistance of counsel in his § 2255 motion failed because they were either procedurally barred or failed at least one prong of the *Strickland* test. With respect to the petitioner's motion to amend, this Court reviewed each of petitioner's arguments and found them meritless. Accordingly, this Court denied the petitioner's motion to amend, dismissed the § 2255 petition, directed the Clerk to enter judgment in favor of the respondent, and denied the petitioner a certificate of appealability.

On January 22, 2013, the petitioner timely filed the instant Motion Pursuant to the Federal Rules of Civil Procedure 59(e) to Alter or Amend or Reconsider Judgment [Crim. Doc. 458], asking this Court to relieve him from its January 3, 2013 Order Adopting Report and Recommendations [Crim. Doc. 455]. As support for his motion, the petitioner reiterates several claims from earlier motions and introduces several new legal theories. First, the petitioner states that this Court failed to fairly address the facts in his motion to amend,

2

which relate back to his motion to vacate.  Next, the petitioner claims that this Court erred in denying him an evidentiary hearing and not ordering the Government and trial counsel to file affidavits regarding issues presented in his earlier motions.  Third, the petitioner states that a third plea agreement was discussed between his counsel and the Government, and had he been informed of the plea discussions, he would have pleaded guilty.  Fourth, the petitioner claims that the second plea agreement expired on March 23, 2007 and his counsel failed to explain that the plea agreement was void under contract law.  The petitioner then goes on to restate his arguments regarding the ineffective assistance provided by his trial counsel—counsel's failure to discuss potential sentencing exposure after trial, including enhancements, and the benefits of pleading guilty pursuant to the second plea agreement.  For the reasons stated below, the petitioner's motion is DENIED.

## III.    Discussion

Motions filed pursuant to Rule 59(e) seeking an amended judgment are disfavored and should only be granted in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (citation omitted).  The petitioner asserts only the third ground.  "Mere disagreement" with the court's ruling does not warrant a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  A 59(e) motion may not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted. *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994)  A party also may not use a Rule 59(e) motion to assert new grounds for relief.  "Rule 59(e), in essence, gives

3

the district court a chance to correct its own mistake if it believes one has been made."

***Zinkand v. Brown***, 478 F.3d 634, 637 (4th Cir. 2007).

### A. Petitioner's Motion to Amend

The petitioner claims in the instant motion that this Court "failed to fairly address" the facts in the motion to amend the § 2255 petition [Doc. 458 at 1, 3]. The petitioner is incorrect in his assertion that the Court failed to address the facts in his motion to amend. This Court addressed the facts but found the petitioner's claims to be without merit [Doc. 455 at 12–15].

This Court adopted the magistrate judge's Report and Recommendation regarding the motion to amend [Doc. 455]. In this Court's January 3, 2013 Order, section IV(B) assesses each of the claims put forth in the petitioner's motion to amend. The Court agreed with the magistrate judge's recommendation that the motion to amend be denied because amendment would be futile. Amendment of the petition would be futile because the petitioner's allegations were meritless [Doc. 455 at 13]. Therefore, the petitioner's claim that the Court failed to fairly address his motion to amend is denied.

### B. Affidavits From Trial Counsel and Evidentiary Hearing

The petitioner next claims that the Court "abused its discretion in not ordering AUSA Mucklow and trial counsel to file an affidavit" [Doc. 458 at 4]. According to the petitioner, affidavits were required because trial counsel failed to discuss trial strategy, potential exposure at sentencing, reductions for acceptance of responsibility, and other ways to "mitigate his ultimate sentence" [Doc. 458 at 7].

The Fourth Circuit has found that where the record raises a genuine issue of

4

material fact, a district court is required to seek an affidavit from trial counsel or resolve the dispute. **United States v. Coon**, 205 F. App'x 972, 973 (4th Cir. 2006). However, under the **Strickland** test, a court need not determine whether a genuine issue of material fact exists when it finds that the petitioner was not prejudiced as a result of the alleged deficiencies. **Strickland v. Washington**, 466 U.S. 668, 687 (1984).

Here, the Court found that several of petitioner's claims did not raise a genuine issue of material fact. The remaining claims, the Court found, were insufficient to satisfy the prejudice prong of the **Strickland** test for ineffective assistance of counsel. Therefore, no affidavit from trial counsel was required.

Under 28 U.S.C. § 2255, an evidentiary hearing is required unless it is clear from the record that the prisoner is not entitled to relief. As stated above, this Court found that the record clearly showed that several of the petitioner's contentions did not entitle him to relief. The remaining contentions, the Court found, that no evidentiary hearing was required because even if the petitioner's assertions were true, the petitioner failed to show that he was prejudiced by the attorney's representations and therefore the petitioner's arguments failed under the second prong of the **Strickland** test. Therefore, the petitioner's claim that the Court erred in failing to require an affidavit from trial counsel and hold an evidentiary hearing is denied.

### C. Third Plea Agreement Discussions

The third argument put forth by petitioner is that his attorney failed to discuss with him a possible plea agreement offered by the Government. The petitioner claims a third possible plea agreement existed based on a statement made by Assistant United States

5

Attorney Mucklow at the petitioner's pre-trial conference, where he stated "Mr. Manford and I have had some discussions, more of a general nature, with regard to . . . a possible plea agreement" [Doc. 458 at 7].

This is the first time the petitioner raised a claim regarding a possible third plea agreement. Rule 59(e) motions "may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment." **Centennial Broadcasting, LLC v. Burns**, 433 F. Supp. 2d 730, 733 (W.D. Va. 2006). Therefore, the petitioner's claim is procedurally barred.

Even if the claim was not procedurally barred, it would fail. "To demonstrate a reasonable probability that he would have accepted a plea, a petitioner's testimony that he would have done so must be credible." **Merzbacher v. Shearin**, 2013 WL 285706, at *9 (4th Cir. Jan. 25, 2013). Self-serving assertions regarding the acceptance of a plea are "subject to heavy skepticism." **Id.** at *10 (citing **United States v. Day**, 969 F.2d 39, 46 n.9 (3d Cir. 1992). This Court does not find the petitioner's claim that he would have accepted this third proposed plea offer credible. The petitioner offers only his own post hoc testimony that he would have pleaded guilty, despite having rejected the first two plea offers and providing no evidence that a third plea offer even existed beyond "some discussions" between the Government and petitioner's trial counsel [Doc. 458 at 7]. Therefore, the petitioner's claim that his attorney provided ineffective assistance by failing to inform him about a third proposed plea agreement is denied.

### D. Validity of Plea Under Contract Law

Another argument put forth by the petitioner for the first time in his Rule 59 motion is that the second plea agreement was void under contract law because it expired on March 23, 2007 [Doc. 458 at 10]. The petitioner claims his counsel was ineffective for failing to obtained a "revive[d] plea agreement" or a new plea agreement [Id.].

This argument is also procedurally barred because it could have, but was not, raised prior to judgment. *See Centennial Broadcasting,* 433 F. Supp. 2d at 733. Even if not procedurally barred, the argument would fail. The Government's response to the petitioner's Motion to Vacate included a copy of the second plea agreement, dated March 21, 2007 [Doc. 340-3]. Paragraph 7B of the second proposed plea agreement includes a provision that if the defendant gives "complies with all the requirements of the agreement, the United States will recommend an additional one level reduction [to the reduction for acceptance of responsibility], so long as Defendant executes the plea agreement on or before Friday, March 23, 2007" [Doc. 340-3 at 3]. The plea agreement does not state that the entire agreement expires on that date. It states only that the additional one-level reduction for timely compliance was available until March 23, 2007. Therefore, the second plea agreement was not void under contract law and accordingly is not the basis for an ineffective assistance of counsel claim.

### E. Previously Stated Claims

The petitioner reiterates a number of claims made in earlier filings. He claims that his trial counsel failed to discuss with him trial strategy, potential sentencing exposure, the potential for a reduced sentence for acceptance of responsibility [Doc. 458 at 7]. He also

restates that his attorney failed to inform him about the risks of proceeding to trial [Id. at 9], failed to anticipate sentencing enhancements [Id. at 12–13], "promised him a sentence of 10" years if convicted after trial [Id. at 18], and stated that he had "some possibility of prevailing at trial on the basis of several non-viable defenses" [Id. at 16]. These claims were previously addressed by this Court and are therefore cumulative. A 59(e) motion may not be used as an additional opportunity to sway the court. **Moore v. United States**, 2006 WL 763656, at *2 (E.D. Va. Mar. 23, 2006). Upon a review of the record, this Court finds that the petitioner's reassertions of his previous arguments and new legal theories fall short of the extraordinary circumstances that would warrant the relief he seeks pursuant to Rule 59(e).

As a result, for the reasons explained in this Court's January 3, 2013 Order and pursuant to the discussion above, this Court finds that the denial of the petitioner's § 2255 motion and motion to amend were in accord with the relevant facts and controlling law.

## IV.    Conclusion

For the foregoing reasons, this Court concludes that the petitioner's Motion Pursuant to the Federal Rules of Civil Procedure 59(e) to Alter or Amend or Reconsider Judgment **[Crim. Doc. 458]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: February 12, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE