# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CECIL RAY, JR.**,

    Petitioner,

v.                                      **CIVIL ACTION NO. 3:10-CV-57**
                                          **CRIMINAL ACTION NO. 3:06-CR-8-1**
                                          **(BAILEY)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled action is presently before the Court on remand from the United States Court of Appeals for the Fourth Circuit with instructions to grant the petitioner, Cecil Ray, Jr., an evidentiary hearing. See **United States v. Ray**, 547 F. App'x 343, 346 (4th Cir. 2013). On December 16, 2013, this Court referred to Magistrate Judge James E. Seibert this matter for conducting an evidentiary hearing and entering into the record a written Report and Recommendation setting forth findings of fact and a recommended disposition. On May 5, 2014, Magistrate Judge James E. Seibert held an evidentiary hearing on Ray's claim that his counsel was ineffective in advising him to reject the Government's second plea offer and on whether counsel failed to accurately advise him on the consequences of rejecting the plea offer. In the Report and Recommendation, Magistrate Judge Seibert recommends that petitioner's § 2255 motion be denied and dismissed with prejudice. As set forth below, this Court agrees with the Magistrate Judge and adopts the R&R over petitioner's objections.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. On April 23, 2015, the petitioner requested a ninety (90) day extension to file objections. This Court granted petitioner's motion for an extension of time on April 30, 2015. Now that the petitioner has filed his objections on July 10, 2015, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. *See, e.g.*, **Austin v. Cuyler**, 499 F.Supp. 1116, 1116 (E.D. Pa. 1980). This Court also notes the Government filed a Response to petition's objections on July 28, 2015. The remainder of the R&R will be reviewed for clear error.

**I.    BACKGROUND**

Previously, the petitioner was found guilty after a jury trial of conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and distribution or aiding and abetting the distribution of a mixture or substance containing approximately 1.95 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

After the sentence was upheld on direct appeal, the petitioner filed a Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 [Civ. Doc. 1; Crim. Doc. 329]. United States Magistrate Judge John S. Kaull recommended denial of the § 2255 motion [Civ. Doc. 8, Crim. Doc. 451]. On January 3, 2013, this Court adopted Magistrate Judge Kaull's recommendation and dismissed the § 2255 petition [Civ. Doc. 11; Crim. Doc. 455]. This Court found that each of the petitioner's claims of ineffective assistance of counsel in his § 2255 motion failed because they were either procedurally barred or failed at least one prong of the **Strickland** test. Accordingly, this Court dismissed the § 2255 petition, directed the Clerk to enter judgment in favor of the respondent, and denied the petitioner a certificate of appealability. In so doing, this Court also denied the petitioner's Motion for an Evidentiary Hearing [Crim. Doc. 348].

The petitioner subsequently appealed that Order, and the Fourth Circuit granted Ray a certificate of appealability. By Unpublished Opinion dated December 6, 2013 [Civ. Doc. 18, Crim. Doc. 473], the United States Court of Appeals for the Fourth Circuit vacated this Court's Order in part and remanded "with instructions to grant Ray an evidentiary hearing on his claim that counsel was ineffective in advising him to reject the Government's second plea offer and his related claim that counsel failed to accurately advise him of the consequences of rejecting this offer." **United States v. Ray**, 547 F. App'x 343, 346 (4th Cir. 2013).

On May 5, 2014, Magistrate Judge James E. Seibert held an evidentiary hearing on Ray's claims. At the evidentiary hearing, the following facts were developed, as stated in the R&R. On January 19, 2006, petitioner was charged in two counts of an eleven-count

indictment of conspiracy to distribute cocaine base ("Count 1") and aiding and abetting in the distribution of cocaine base ("Count Eight"). Subsequently, on January 31, 2007, John Mark Sutton, Esq., ("Sutton") was appointed to represent Ray. Sutton represented Ray from January 31, 2007 to March 30, 2007. While Sutton represented Ray, two plea deals were offered by the Government. The first plea deal was offered on February 6, 2007. That same day, Sutton met with Ray for the first time to advise Ray to reject the Government's first plea deal based on Sutton's opinion on the weakness of the Government's evidence against Ray.

The second plea offer was made on March 21, 2007. The second plea deal contained a stipulation lowering the amount of cocaine base from 242 grams, as presented in the first plea deal, to a range of 50-150 grams. A week later, on March 30, 2007, Ray retained B. Craig Manford, Esq. ("Manford") and Sutton was released as counsel.

When asked about the second plea deal offered by the Government, Manford testified that Ray was not interested in pleading, and "his interests were going to trial." [Doc. 495 at 76:18-19]. Nevertheless, Manford testified that he did discuss the responsibilities and ramifications of going to trial and discussed the possibility of the Government's second plea offer. [*Id.* at 76:20-77:2]. Specifically, Manford informed Ray that the conspiracy count carried a possible life sentence and the relevant conduct of the Government's plea offer lowered the stipulated cocaine base amount to 50-150 grams. [*Id.* at 84:11-17].

Contrary to Manford's testimony, Ray testified that "Manford did not discuss what [he] was facing" if Ray took his case to trial. [*Id.* at 50-13]. Ray testified that, in fact, Sutton, not Manford, informed Ray about the second plea deal and presented the plea deal to him.

However, Ray maintained that although Sutton "presented [the second plea deal] to [Ray] . . . he did not tell [Ray] that [he] would be receiving 360 to life." [*Id.* at 45:16-18]. Therefore, based on Sutton's incomplete advice as to the contents of the second plea offer and ramifications of going to trial, Ray testified that he "rejected [the Government's second plea deal] on the advice of [his] counsel . . . ." [*Id.* at 47:2]. Sutton testified that although he discussed the relevant conduct stipulation of the Government's first plea deal with Ray, he denied meeting with Ray "with regard to the second plea agreement." [*Id.* at 63:23-24]. It is clear that Ray, Manford, and Sutton present different findings of fact about the advice and counsel Ray received prior to rejecting the Government's second plea deal. However, the undersigned finds much of Ray's testimony not credible. Ray's testimony is largely inconsistent and several of his previous statements directly contradict statements made during the evidentiary hearing. For example, during the hearing, Ray testified that Sutton did not review the second plea deal with him, and only "gave it to [him] to read . . . ." [*Id.* at 45:2]. However, in an earlier affidavit, Ray wrote that "Sutton informed me that the Government was offering me a plea . . . [and] I would have to plead guilty to distributing at least 50 to 150 grams of crack, and I was facing ten to life. [Sutton] told me that I would probably . . . do 20 years if I took the plea." [*Id.* at 45:4-9]. Even after being presented with his earlier affidavit, Ray maintained that Sutton "did not tell [him] that [he] would be receiving 360 to life." [*Id.* at 45:17-18]. Also, contrary to Manford's testimony, Ray testified that Manford did not go over the Government's second plea with him and only left the plea for Ray to read for himself. [*Id.* at 50:13-15]. Ray maintained this position even after being presented with an earlier affidavit that stated that Manford instructed Ray he "was facing ten to life." [*Id.* at 50:6]. The same affidavit also contrastingly stated that Manford "was not

part of the first and second plead discussions." [*Id.* at 51:24-52:1].

Further, evidence presented during the hearing showed that a third plea deal was presented by the Government and rejected by Ray. According to an email dated August 16, 2007, thirteen days prior to trial, the Government offered a third plea deal "with a stipulated relevant conduct of 35 to 50 gram[s], which is a drop in two levels." [*Id.* 57:1-2]. In another email, dated August 17, 2007, Manford wrote that "Ray is not interested in the plea offer. I have only had a chance to speak with him over the phone about it and will be going to see him this weekend to speak to him in person." [*Id.* at 57:21-24]. Although Ray's case continued to trial, Ray denied rejecting this third plea deal "because [he] never knew nothing about it . . . [and] Manford never spoke to [him] over the phone and he never talked to [him] about this plea." [*Id.* at 58:7-9]. As to Ray's credibility, the magistrate judge found that the evidence of the emails only damages Ray's credibility as to his testimony on what advice counsel gave Ray with respect to the Government's second plea offer. The magistrate judge recommended denying and dismissing the § 2255 motion with prejudice. Specifically, the R&R found that Ray failed to show that his counsel was deficient in advising him to reject the Government's second plea. [Doc. 497 at 6]. The magistrate judge noted that petitioner's counsel is a competent and experienced criminal defense attorney.

## II.  DISCUSSION

### A.  Ineffective Assistance of Counsel Standard

To establish a claim for ineffective assistance of counsel, the petitioner must demonstrate that: (1) counsel's conduct fell below an objective standard of reasonableness

and (2) the petitioner was prejudiced by counsel's deficient performance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1964).

In his objections, petitioner challenges the magistrate judge's recommendation that the petitioner failed to meet the two prongs of ***Strickland*** to demonstrate any claims of ineffective assistance of counsel. Counsel for Ray argues that if Ray had been represented by effective counsel, he would have accepted either the second or third plea offer. Ray specifically objects to the R&R on the grounds that the second plea agreement and the concept of relevant conduct was not fully discussed with him, and if it had been, he would have accepted the plea deal. [Doc. 503 at 12]. Ray further objects on the basis that he was not informed of a third plea offer until counsel appointed for the evidentiary hearing showed him the emails.

### 1. Second Plea Deal

In the evidentiary hearing, Ray stated that if the second plea agreement had been explained to him and if he had his sentence explained to him and if the relevant conduct was fully explained to him, he would have signed the plea agreement.

In contrast to Ray's testimony, Manford testified that Ray denied involvement in any criminal liability. [Doc. 495 at 76:15-16]. At the meeting, Ray was interested in going to trial and not interested in taking the plea deal. [*Id.* at 77:1-16]. Specifically, Manford notes that Ray maintained "his innocence, and he denied any wrongdoing or any complicity in any kind of conspiracy." [*Id.* at 77:5-7]. On cross-examination, Manford notes that he did not review the plea agreement paragraph by paragraph, but specifically states that he told Ray that the second plea deal contained the relevant conduct amount as 50 to 150 grams. In

addition, Manford notes that the conspiracy count carried a sentence of ten years to life. [*Id.* at 84:11-19].

In regard to plea deals, counsel's performance is considered deficient when counsel's "complete ignorance of the relevant law under which his client was charged, and his consequent gross misadvice to his client regarding the client's potential prison sentence, certainly fell below an objective standard of reasonableness under prevailing professional norms." ***Magana v. Hofbauer***, 263 F.3d 542, 550 (6th Cir. 2001). Although a client's proclamation as to guilt or innocence "does not relieve counsel of his normal responsibilities under ***Strickland*** it may affect the advice counsel gives." ***Burt v. Titlow***, 134 S. Ct. 10, 17 (2013).

Here, petitioner fails to show that his counsel's representation was deficient regarding the second plea deal. Rather, the record shows that the petitioner wanted to proceed to trial and maintain his innocence. Contrary to Ray's testimony at the evidentiary hearing, in an affidavit dated August 30, 2010, Ray stated that Manford told him that he was facing a ten year sentence to life sentence. *See* [Doc. 495 at 3-10]. However, in the evidentiary hearing, Ray maintained that Manford only gave the plea for Ray to reread himself. [*Id.* at 50:13-15]. Given the evidence before this Court, petitioner had a satisfactory understanding of the first and second plea agreements and upon his own volition decided to reject the plea agreements – even after the ramifications of going to trial were explained to him. [*Id.* at 76:20:25]. Petitioner has failed to "demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." ***Missouri v. Frye***, 132 S. Ct. 1399, 1409 (2012).

### 2. Third Plea Deal

In an email dated August 16, 2007, thirteen days prior to trial, the Government offered a third plea deal "with a stipulated relevant conduct of 35 to 50 gram[s], which is a drop in two levels." [Doc. 495 at 57:1-3]. On August 17, 2007, Manford responded, "As of 4:50 p.m. Mr. Ray is not interested in the plea offer. I have only had a chance to speak with him over the phone about it and will be going to see him this weekend to speak to him in person." [*Id.* at 57:21-25].

Ray claims that he was never made aware of the third plea offer by Manford. [*Id.* at 58 at 7-9]. Ray's counsel further contends Ray failing to mention the third plea agreement throughout his § 2255 petition "is solid concrete evidence that he was never made aware of it by Mr. Manford and that Mr. Manford failed to inform him of such third plea offer." [Doc. 503 at 7].

This Court disagrees. Ray's absence of evidence contention is *not* concrete evidence that Manford failed to relay the third plea agreement to Ray. Concrete evidence that an offer was given to Ray is an email stating, "As of 4:50 p.m. Mr. Ray is not interested in the plea offer." [Doc. 495 at 57:21-25]. Ray's emphasis on Manford not going to the jail to review the third plea agreement does not negate that Manford called Ray to deliver the third plea agreement over the phone. Moreover, the magistrate judge had the opportunity to assess the witnesses' credibility at the evidentiary hearing. The magistrate judge found that Manford is a competent and experienced criminal defense attorney and determined that Ray was not a credible witness. This Court gives "great deference to the magistrate judge's credibility determinations, because the magistrate judge heard the actual testimony." **Hickman v. Jackson**, 190 F. App'x 241, 241 42 (4th Cir. 2006) (citing **United**

*States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994)).

### III. CONCLUSION

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Amended Report and Recommendation **[Civ. Doc. 33; Crim. Doc. 497]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Civ. Doc. 36; Crim. Doc. 503]** are **OVERRULED**. Accordingly, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Doc. 1; Crim. Doc. 329]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the petitioner.

**DATED:** September 2, 2015.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE